# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BETTY J. PATRICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner ) <br> of the Social Security Administration, ) <br> ) <br> Defendant. ) | No. 07 C 6584 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Betty Patrick ("Patrick"), pursuant to 42 U.S.C. § 405(g), seeks summary judgment to reverse the final decision of Defendant Michael Astrue, Commissioner of the Social Security Administration (the "Commissioner"), that she is not entitled to Disability Insurance Benefits ("DIB"). Defendant has moved to affirm the Commissioner's decision.

## BACKGROUND

In August 2005, Patrick filed an application for DIB, claiming that she had become disabled on August 1, 1994, due to high blood pressure, diabetes, osteoporosis and a hysterectomy with resulting bowel problems. The Social Security Administration (the "Agency") denied Patrick's application, and Patrick requested a hearing before an Administrative Law Judge ("ALJ"). The hearing before the ALJ took place on April 11, 2007. On May 25, 2007, the ALJ issued his decision, finding that Patrick had not been disabled prior to December 31, 2001, the date that her insured status for DIB expired.

Patrick was most recently employed in 1996 as a forklift operator in a plastic factory. The position required Patrick to be able to lift 25 pounds and, occasionally, up to 50 pounds. Patrick had worked at the same factory as an inspector/packer for the preceding 23 years. Patrick was fired in 1996 for reasons unrelated to her medical condition.

About a year after leaving her job, Patrick began having abdominal pain, which resulted in Patrick having a hysterectomy in August 1997. After the operation, Patrick developed an infection. While Patrick was being treated for the infection, she was hospitalized for pneumonia. However, the infection was resolved by April 1998. Notes of Patrick's physician from February 1998 indicate that Patrick "was doing much better" and that she had "good air exchange."

Patrick reported difficulty breathing beginning in 2000. In November 2000, a chest x-ray showed that except for the possible presence of a pneumonic infiltrate, Patrick's lungs were otherwise clear. In May 2001, Patrick complained of chest pain and a dry cough and in July 2001, she saw a doctor for a pulmonary consultative examination for chronic cough. Patrick was advised to stop smoking in order to improve her cough. Patrick subsequently reduced her cigarette consumption from two packs per day to one or two cigarettes per day. At her follow-up appointment in September 2001, Patrick's cough had "markedly decreased" and she felt less short of breath. Patrick's insured status expired December 31, 2001. In December 2003, Patrick was prescribed an inhaler and she has taken supplement oxygen since late 2004.

The first mention of diabetes in Patrick's medical records occurs in March 2002. In October 2002, Patrick was noted to have a history of diabetes, dating back one year. At that time, her blood sugar levels were stable, and her diabetes was diet controlled. Doctor's notes from January 2004 indicate that her diabetes was still diet controlled.

## LEGAL STANDARD

An ALJ's findings constitute the final decision of the Commissioner of the Social Security Administration if the Appeals Council finds no basis for further review. *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) (*Smith*). Under such circumstances, the decision of the ALJ is the decision reviewed by the district court. *Ears v. Secretary of the Dept. of Health & Human Serv.*, 983 F.2d 815, 816 (7th Cir. 1993). In this review, the district court examines the entire record but does not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *See Powers v. Apfel*, 207 F.3d 431, 434-35 (7th Cir. 2000) (*Powers*). The ALJ's decision will not be reversed if it is supported by substantial evidence, which is evidence "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*Perales*); *Powers*, 207 F.3d at 434.

## ANALYSIS

To be eligible for DIB, Patrick was required to prove that she became disabled prior to the expiration of her insured status, December 31, 2001. *See Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir. 1997). The determination of whether a claimant suffers from a disability as defined in the Social Security Act is conducted through a five-step inquiry, evaluated in sequence: (1) whether the claimant is currently [un]employed; (2) whether the claimant has a

3

severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner] (*see* 20 C.F.R. § 404, Subpt. P, App.); (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy. *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). The claimant has the burden of proof for steps one through four; the commissioner has the burden of proof for step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (*Clifford*).

The ALJ found that Patrick's ailments, other than her chronic pulmonary disease, were not severe and/or did not arise until after Patrick's insurance expired. The ALJ further found that while Patrick's chronic obstructive pulmonary disease required Patrick to avoid concentrated exposure irritants, such as fumes, odors and gases, as of the date last insured, Patrick had the capacity to do a limited range of medium work. The ALJ, therefore, concluded that although Patrick was unable to perform her past work, there were jobs that existed in significant numbers in the national economy that Patrick could have performed. Therefore, Patrick was not disabled as of December 31, 2001.

Patrick contends that the ALJ erred in finding her capable of medium work and, thus, "not disabled," under Medical-Vocational Rule 203.11. Specifically, Patrick argues that the ALJ should have found Patrick capable of only light work and that had the ALJ made such a finding, Medical-Vocational Rule 202.01 would direct a finding of "disabled." Patrick further argues that the ALJ should have consulted a vocational expert to determine the level of work Patrick could perform.

The ALJ's determination that Patrick could perform medium work is supported by substantial evidence. The ALJ's finding that Patrick's ailments, other than her chronic pulmonary disease, were not severe before December 31, 2001, is well supported by Patrick's medical records. Patrick did not develop diabetes until 2002, and the complications resulting from her hysterectomy in 1997 were resolved within a year. Patrick's medical records do not show any serious conditions, other than the chronic pulmonary disease, that predate the expiration of her coverage.

Furthermore, Plaintiff's chronic pulmonary disease did not restrict her from performing medium work. The ALJ found that as a result of her chronic pulmonary disease, Patrick needed to avoid concentrated exposure to pulmonary irritants, such as fumes, odors and gases. However, the ALJ found that Patrick was not otherwise limited in her ability to do medium work. This conclusion is supported by Patrick's medical records, which show that Patrick's other medical conditions were either resolved or post-dated December 31, 2001.

Finally, the ALJ did not err by not consulting a vocational expert. Patrick argues that an expert should be consulted when a claimant's exertional limitations fall somewhere in the middle of the regulatory criteria for different levels of work – in this case, medium and light work. This is not such a situation. The ALJ, supported by substantial evidence, found that Patrick was capable of medium work, with the sole limitation that Patrick should avoid concentrated exposure to pulmonary irritants. This single restriction is not sufficient to place Patrick between categories such that the testimony of a vocational expert would be required.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment is denied.

Defendant's Motion for Summary Judgment is granted.

Dated: 7-10-08

JOHN W. DARRAH
United States District Court Judge

6